# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50390 | **DATE** | 3/8/2013 |
| **CASE TITLE** | Mishra v. Tandon, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Singhs' motion to strike and/or dismiss pursuant to FRCP 10(b) and 12(f) [8] is granted in part and denied in part. Defendants Laxmi Tandon and Veena Tandon's motions to dismiss and/or strike, and for more definite statement [10][13] are granted in part and denied in part. The remaining defendants' motion to dismiss for failure to state a claim [17] is denied in part and granted in part. Plaintiff's motion to accept his late-filed response [22] to all of the above motions is granted. The complaint is dismissed without prejudice to being refiled in compliance with this order by April 5, 2013. Failure to file by that date may result in dismissal for failure to prosecute.

■[ For further details see text below.]    Docketing to mail notices.

---

Plaintiff, Anurag Mishra, has sued defendants, Laxmi Tandon, Veena Tandon (collectively with Laxmi Tandon as the "Tandons"), Shyam Singh, the India Association of Greater Rockford ("IAGR"), and the IAGR's directors N. Gopala Rao, Bhaskar Bandyopadhyay, Jitendra Solanki, Arun Patel, Sanjeev Kumar, and Kumud Nigam (collectively "Board Defendants"), for interference with contracts and interference with business expectations. In short, the complaint alleges that the Tandons, assisted by Singh, wrote letters to plaintiff's employers and other members of the community claiming that plaintiff had kidnaped his wife and was causing her to be held against her will in Bombay, India. These letters were signed as coming from "Concerned US Citizens of Rockford Indian Community" and specifically mentioned that plaintiff's wife was the president of the IAGR. Plaintiff alleges that these letters were false and that they caused sufficient damage to his professional reputation to force him to take his cardiologist business out of state. Currently before the court is a number of motions to strike and for more definite statement filed by defendants, as well as plaintiff's motion to accept his two-day-late filed responses to all of defendants' motions. The plaintiff's motion is granted. The rest are granted in part and denied in part, as set out below.

## I. Standards

The assorted motions by defendants all seek dismissal of the complaint under Federal Rule of Civil Procedure 10(b). Rule 10(b) provides that "[a] party must state its claims or defense in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The rule also provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Id. Rule 10(b)'s requirement that the parties use separate counts "serves two purposes: (1) it gives fair notice to the defendants of the claims against them; and (2) it enables the court to grant relief on an entire count, not just part of a count." Second Amendment Arms v. City of Chi., No. 10-cv-4257,

2012 WL 4464900, at *9 (N.D. Ill. Sept. 25, 2012). "The lodestar of Rule 10 is intelligibility, good organization, and basic coherence." Id. (alteration and quotation marks omitted). Accordingly, "the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011).

Several of the defendants' motions also seek a more definite statement of the complaint under Rule 12(e). Rule 12(e) provides that any "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However,

> [s]ome overlap in function also exists between Rule 12(e) and Rule 10(b), which provides that pleaders must state in separate paragraphs claims or defenses arising out of different sets of circumstances. As is discussed elsewhere, Rule 10(b) is designed to improve the intelligibility of the pleadings. Since a failure to observe or comply with the Rule 10(b) requirement may result in a pleading so obscure that response is difficult, motions to state and number counts separately under Rule 10(b) and for a more definite statement under Rule 12(e) may be used alternatively in some situations, and courts may properly treat the two motions interchangeably.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (3d ed. 1998) (footnotes omitted). Accordingly, where the parties request relief under both Rule 10(b) and 12(e) due to a lack of intelligibility, the court will consider those requests together.

Finally, Singh also moves to strike a portion of the complaint pursuant to Rule 12(f). A Rule 12(f) motion is appropriate to remove immaterial or scandalous matter from the pleadings. See Fed. R. Civ. P. 12(f). Rule 12(f) motions are "disfavored because they potentially serve only to delay." FDIC v. Giannoulias, No. 12 C 1665, 2013 WL 170003, at *2 (N.D. Ill. Jan. 16, 2013) (quotation marks omitted). Therefore, "[a] motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." Barba v. Seung Heun Lee, No. CV 09-1115-PHX-SRB, 2009 WL 8747368, at *30 (D. Ariz. Nov. 4, 2009) (quotation marks omitted). Nevertheless, "[a]llegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992). Similarly, "[i]mmaterial matter is that which has no essential importance or important relationship to the claim for relief or the defenses being pled." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).

## II. The Tandons' Motions

In plaintiff's complaint, the first six paragraphs identify the parties and set out the basis for diversity jurisdiction. In paragraphs 7-18, plaintiff sets out Count I against the Tandons. In that count, labeled as "Interference with Contract/Business Expectancy," plaintiff alleges that the Tandons, assisted by defendant Singh, wrote the letters at the center of the case, filed false police reports, and filed a false request for an Order of Protection against plaintiff. Plaintiff alleges that all of this was done to enable Singh's continued affair with plaintiff's then-spouse. The Tandons argue that paragraphs 7-18, which often contain more than one factual allegation per paragraph, often do not differentiate between which actor did what, and espouse two different legal theories against two separate defendants under one count. The Tandons claim that this type of pleading is in violation of Federal Rule of Civil Procedure 10(b) and, alternatively, they request clarification under Rule 12(e). The Tandons also argue that the complaint is factually inconsistent, both internally and with its exhibits, and plaintiff should be required to plead the complaint with factual consistency under Rule 10(b).

The court finds that additional clarity would assist the parties in answering the complaint and help the court to delineate the issues in this case. Because plaintiff has already requested the opportunity to file a new complaint to address another portion of one of defendants' motions, see infra, plaintiff should also take advantage of that opportunity to make the allegations of his complaint conform to Rule 10(b) for Count I. Specifically,

plaintiff should endeavor to separate each legal theory into a distinct claim and plead them against each defendant clearly. See Gallagher Bassett Servs., Inc. v. Vacala, 2012 IL App (2d) 111175-U, ¶¶ 38, 41 (noting the difference between the separate torts of interference with a contract and interference with business expectations). This is not to say that plaintiff necessarily needs to add additional factual detail to his complaint or address the "factual inconsistency" arguments of the Tandons, the court leaves the decision to plaintiff and his counsel how he should meet the pleading standard set out in Rule 8, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The proper motion to test the factual pleading of a complaint, including the possibility of internal inconsistency, is a motion to dismiss under Rule 12(b)(6), which is not currently before the court. See Wright & Miller, supra, § 1356 (stating that a motion under Rule 10 or 12(e) is designed to correct "inartistic pleadings," enforce the separate count and paragraph rules, or correct an ambiguous complaint, while a Rule 12(b)(6) motion is designed to "test the formal sufficiency of the complaint"). Nevertheless, the court finds that greater coherence and organization in the complaint, particularly in the allegations contained in Count I, would help all parties involved in the litigation and the court. Accordingly, the court grants the Tandons motion to the extent it seeks to have the complaint pled with greater clarity and organization, but denies the motion to the extent it seeks to force plaintiff to plead additional or different facts.

### III. Singh's Motion

Plaintiff's complaint, in Count II, alleges "Interference with Contract/Business Expectancy" again, this time against Singh. The two paragraph Count incorporates all of the allegations that come before it, then states that Singh "acted in concert with the Tandon defendants, for the foregoing reasons alleged herein" and that "The Tandon defendants acted on behalf of defendant Singh in furthering Singh's personal interest in plaintiff's wife." In the allegations in Count I, plaintiff alleges that Singh orchestrated the letter writing campaign to destroy reconciliation efforts between plaintiff and his wife, with whom Singh had an affair immediately prior to the letters being written. In his motion, Singh requests the same thing as the Tandons, that the plaintiff comply with the separate count requirement of Rule 10, and requests that this court strike all references to the alleged affair—which Singh denies actually happened—as scandalous under Rule 12(f).

For the same reasons as stated above, the court finds that the complaint suffers from a lack of clarity. The complaint alleges two different causes of action against Singh by reference to the allegations in Count I, and it is unclear how either cause of action is supported or affected by either of the paragraphs contained in Count II. To make matters more confusing, in his response to Singh's motion, plaintiff intimated that Count II actually was intended to raise a third cause of action, for civil conspiracy, against Singh. Although, again, the court will leave it to plaintiff to determine whether additional factual support needs to be pled, the court will nonetheless grant Singh's motion and direct plaintiff to set out each claim for relief in a separate count supported by whatever facts plaintiff feels necessary to make out each claim.

The court denies, however, Singh's request to strike all mention of the affair. Extramarital sexual activity is the kind of activity which can be considered "scandalous" by courts under Rule 12(f), particularly when it includes a non-party to the litigation. See, e.g., Williams v. Bd. of Trs. of Frederick Cmty. Coll., No. Civ.A. CCB03CV2123, 2004 WL 45517, at *8 (D. Md. Jan. 8, 2004) (alleged consensual sexual relationship between defendant and plaintiff's coworker struck as immaterial to plaintiff's claims against defendant under Title VII and scandalous). However, where the allegations are relevant to the plaintiff's claims or request for relief, then the material is not subject to being stricken even if it is potentially embarrassing. See, e.g., Whitney Nat'l Bank v. Boylston, Civil Action No. 09-0059, 2009 WL 1806655, at *4 (W.D. La. June 24, 2009); Hope v. Connell, No. CIV. A. 3:98-CV-0929, 1998 WL 614666, at *4 (N.D. Tex. Sept. 2, 1998); Doe v. Johnson, 817 F. Supp. 1382, 1400 (W.D. Mich. 1993). Here the objected-to allegations, none of which are explicit in and of themselves, are material to plaintiff's allegations of the purpose behind the purported letter writing scheme and potentially provide plaintiff with grounds for his requested relief for punitive damages. See McDevitt-Follis v. Schenck, 2013 IL App (3d) 110734-U, ¶ 40 ("A court may award punitive damages if the defendant's tortious acts are malicious or display reckless disregard for another's rights. The purpose of punitive damages is to punish the

defendant and deter others from the same conduct; however, they are awarded only in cases with aggravated circumstances, such as fraud, willfulness, wantonness, or malice."). It is possible that if plaintiff establishes, as he claims, that Singh caused the letter writing campaign which interfered with plaintiff's employment and business opportunities in an effort to ruin plaintiff's reconciliation with his wife, then a jury could make a finding of malice necessary to justify the imposition of punitive damages. See Cress v. Recreation Servs., Inc., 341 Ill. App. 3d 149, 180-81 (2003). Accordingly, the court denies Singh's motion to strike all references to the alleged affair between Singh and plaintiff's wife.

### IV. The Joint Motion from IAGR and the Board Defendants

Plaintiff's complaint, in Count III, alleges that IAGR, and the Board Defendants, permitted the Tandons and Singh to hold themselves out as agents of IAGR. This count, too, alleges "Interference with Contract/Business Expectancy." In their joint motion, IAGR and the Board Defendants argue that Count III only alleges that the Tandons and Singh were agents of IAGR and fails to clearly set out any theory of liability against the Board Defendants, either directly or vicariously. Accordingly, they seek to clarify the claims against IAGR and the Board Defendants under Rule 10(b) or for a more definite statement under Rule 12(e). In the alternative, they seek to have the Board Defendants dismissed from the case with prejudice under Rule 12(b)(6). Plaintiff concedes that Count III fails to clearly include specific allegations against the Board Defendants and requests that this court permit him to amend his complaint to comply with Rule 10(b). The court agrees, and grants IAGR and the Board Defendants' motion to the extent it seeks additional clarity under Rule 10(b), but denies the request for dismissal under Rule 12(b)(6) without prejudice to refiling once plaintiff has filed his amended complaint.

### V. Conclusion

All of the defendants' motions are granted in part and denied in part. Plaintiff's complaint is dismissed without prejudice. Plaintiff shall submit his new complaint no later than April 5, 2013. Failure to do so may result in a dismissal for failure to prosecute.